HOFFMAN v. MANHEIM et al.

(Supreme Court, Appellate Term, First Department. May 31, 1916.)

1. APPEAL AND ERROR ⬤⇒854(4)—REVIEW—SCOPE—THEORY OF LOWER COURT —ERRONEOUS REASON.

Where there is no error in excluding evidence, it is immaterial whether the reasons assigned by the trial court were proper or not.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3413–3416; Dec. Dig. ⬤⇒854(4).]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⊚⇒1027—RESERVATION OF GROUNDS—MODE OF MAKING OBJECTIONS.

The mere statement by a court that a certain class of evidence would be excluded, no such evidence being offered and excluded, is not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. ⊚⇒1027.]

Appeal from City Court of New York, Trial Term.

Action by Barnet Hoffman against Leopold Manheim and another. From a judgment of the City Court for plaintiff, and from an order denying a motion to set aside the verdict and for a new trial, defendants appeal. Affirmed on condition.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Abraham I. Spiro, of New York City, for appellants.
Henry Waldman, of New York City, for respondent.

PENDLETON, J. This is an appeal by defendants from a judgment entered on a verdict, and from an order denying a motion to set aside the verdict and for a new trial. The action is by an employé to recover damages for wrongful discharge. The answer admitted the employment, denied the wrongful discharge, and for a separate defense alleged that plaintiff violated the terms of his contract, and sold his samples at cut prices on terms not authorized by defendants, and made fictitious reports of sales.

[1, 2] The contention at the trial was over the question of discharge. Plaintiff testified that the defendants expressly discharged him. This the defendants denied. On plaintiff's cross-examination defendants' counsel produced a letter, apparently from one McHarg, a customer from whom plaintiff had obtained an order for goods, and sought to have it identified by the witness for the purpose of offering it in evidence to show "that McHarg himself said he [i. e., plaintiff] never came with samples, and that he [McHarg] never gave him an order." This was objected to, and the objection sustained. There was no error in this. The letter was manifestly incompetent. Statements by McHarg, written or oral, were plainly hearsay. There being no error in the ruling, it is immaterial whether the reasons assigned by the trial court were proper or not. The court stated that any evidence of grounds of justification for the discharge is inadmissible under the pleadings, and on this statement appellants ask for a reversal.

Assuming that the trial court was wrong, it nowhere appears that any competent evidence in support of the separate defense was offered and excluded. The defendants were therefore not prejudiced. An erroneous statement by the trial court, standing alone, in the absence of any exclusion of competent testimony offered by defendants, is not ground for reversal. If defendants had any competent testimony, and desired to raise the question now urged on this appeal, they should have offered it, that this court might see they had been prejudiced. As matter of fact, in view of the testimony of defendant Manheim that defendants never discharged plaintiff, and were always willing to

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

continue him in their employ, and that he could have had his salary any time he came for it, it seems scarcely probable that there was any such evidence.

The charge of the court that plaintiff was entitled to $35 a week from October 1, 1915, to January 1, 1916, was error, and clearly prejudicial to defendants, notwithstanding the fact that the court properly charged as to plaintiff's obligation to seek other employment, and as to the effect of an offer by defendants of re-employment.

The trial was had on October 19, 1915, before the expiration of the term of plaintiff's employment. His damages, so far as the period subsequent to the trial was concerned, were measured by the value of his contract; that is, the loss of the opportunity to earn. In determining this the jury were entitled to consider the compensation called for by his contract, the expenses to be incurred by him, the possibility of other employment, or of death or sickness, etc. The charge of the court went much further, however. It also ignored the fact that the contract does not fix any specific time of duration for the second trip. Under these circumstances the charge was clearly error, and defendants duly excepted.

It is very clear that plaintiff was entitled, under the jury's finding, to $12.50 a week to October 1, 1915 (i. e., $162.50), and to at least $12.50 a week for the 19 days in October before the trial, with interest, making a total of at least $204, and, if plaintiff elects to stipulate that the judgment be reduced by the amount of the difference between this and the $500 found by the jury, the judgment will be affirmed, without costs; otherwise, it must be reversed, and a new trial ordered, with costs to appellant to abide the event.

WHITAKER, J., concurs.   LEHMAN, J., concurs in the result.