■ In the Matter of JAMES W. SKAHAN et al., Petitioners, v. ROBERT P. SLOCUM et al., Constituting the Board of Supervisors of Rockland County, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Law and Rules, to review a determination of the respondent Rockland County Board of Supervisors, made December 26, 1963 after public hearing, establishing the Rockland County Sewer District No. 1. By order of the Supreme Court, Rockland County, made April 3, 1964 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs (see *Matter of Noyes* v. *Slocum,* 21 A D 2d 802). Motion by petitioners for a trial by jury, a pretrial examination of respondents Mundt and Slocum and for leave to file a posttrial supplemental brief, denied. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ RICHARD KING, Respondent, v. CLAIRE KING, Appellant.— In an action based upon an agreement of assignment of a portion of the proceeds of the settlement of a negligence action, the defendant appeals from an order of the Supreme Court, Nassau County, entered November 21, 1963, which granted plaintiff's motion: (a) to amend the complaint by increasing the *ad damnum* to $2,453.74; and (b) for summary judgment in said amount. Order modified: (a) by striking out the second and third ordering paragraphs granting summary judgment; and (b) by substituting therefor a provision denying plaintiff's motion insofar as it seeks summary judgment. As so modified, order affirmed, with $10 costs and disbursements to defendant. In our opinion, the agreement sued upon is ambiguous in that, without resort to parol evidence, it may not be determined: (1) whether the parties' intention was that plaintiff shall be reimbursed out of defendant's recovery for his payments on account of defendant's medical expenses, regardless of any collateral reimbursement he might also receive through medical insurance or other sources; or (2) whether their intention was that he shall be reimbursed simply for his net " out of pocket " expenses. Under the circumstances, summary judgment may not be granted (cf. *O'Connor-Sullivan* v. *Otto,* 283 App. Div. 269, 271; *Utica Carting, Stor. & Contr. Co.* v. *World Fire & Mar. Ins. Co.,* 277 App. Div. 483, 488). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ LAURA A. MESSINA, an Infant, by Her Guardian ad Litem, WILLIAM P. MESSINA, et al., Respondents, v. ROBERT T. RENISON, Doing Business as MEADOWBROOK FLOWER SHOP, et al., Appellants.— In a negligence action to recover damages for personal injury, loss of services and medical expenses, the defendants appeal from an order of the Supreme Court, Nassau County, dated November 10, 1962, which granted plaintiffs' motion and which set aside a verdict in defendants' favor and directed a new trial. Order reversed, without costs; plaintiffs' motion denied; and verdict for defendants reinstated. In our opinion, there was sufficient evidence to support the jury's verdict (*Smith* v. *McIntyre,* 20 A D 2d 711; *Pertofsky* v. *Drucks,* 16 A D 2d 690). Moreover, if it be assumed that the learned trial court erred: (a) by permitting the cross-examination of Dr. Greenberg as to a textbook whose authority he did not recognize; and (b) by admitting in evidence the X-ray report of the late Dr. Frucht, we hold that such errors were not sufficiently prejudicial to warrant a new trial, since they involve only the secondary issue of the extent of the injuries, while the jury found for the defendants on the primary issue of liability. In this respect, *Roveda* v. *Weiss* (11 A D 2d 745) is clearly distinguishable, since in that case liability had been conceded and the only issue was the extent of the injuries and the amount of the damages. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.