■ WILLIAM F. MONAHAN, Individually and as Executor of MARY E. MONAHAN, Deceased, Appellant, v HAROLD WEICHERT, Respondent. — Order unanimously reversed, with costs, motion denied and judgment reinstated. Memorandum: In this action for medical malpractice, the jury found in favor of plaintiff, individually, in the sum of $330,000 and in favor of the estate of plaintiff's deceased wife in the sum of $70,000 for her derivative cause of action. Upon defendant's motion pursuant to CPLR 4404 (subd [a]) the court ordered a new trial unless defendant agreed to pay and plaintiff agreed to accept, without apportionment between plaintiffs, the sum of $100,000. Plaintiff suffered from rheumatoid arthritis since 1963. By 1972 the disease, concededly progressive in nature, had advanced to the stage where he had lost, to a significant extent, the ability to extend or straighten his knees, although he was able to bend his knees without restriction. In an effort to improve plaintiff's condition and to relieve pain, defendant performed a supracondylar femoral wedge osteotomy on each knee, after which both knees were placed in casts for five to six weeks. When the casts were removed, it was found that the bones in plaintiff's knees had fused (ankylosed), thus making it impossible for plaintiff to bend his knees at all. The record contained expert testimony from which the jury could find that there was negligence with respect to defendant's medical treatment of plaintiff, including the failure to utilize less drastic measures first; performing the surgery on both knees at the same time rather than doing one knee at a time to see if the operation was successful; and giving improper postoperative treatment by immobilizing the joints for six weeks, as this is the act which precipitates the ankylosis. There was also evidence from which the jury could find for plaintiff based on lack of informed consent. From a reading of the Trial Justice's decision setting aside the jury verdict, it is clear that the court disagreed with the jury's evaluation of the extent to which plaintiff's condition was caused by the surgical procedure vis-à-vis the natural progression of his pre-existing illness. This was error. The evidence clearly established that the loss of mobility was due to the surgery and postoperative treatment. Although plaintiff's illness was a progressive one, when, if ever, he would have lost all motion of the knees is speculative at best. "Disputes as to whether conduct is negligent or the proximate cause of an injury are usually best left to the fact finder and here the jury might find that the negligent acts of defendant were the proximate cause of plaintiff's condition" (*Monahan v Weichert*, 82 AD2d 102, 108). The jury was properly instructed to award only those damages proximately caused by the negligence and not by the illness itself. The jury made a finding, amply supported by the record, and the court erred in setting the verdict aside. (Appeal from order of Supreme Court,

Onondaga County, Tenney, J. — set aside verdict.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.