# (April 12, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY G. FERRAIOLI, Appellant. — Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered November 24, 1981, upon a verdict convicting defendant of the crimes of grand larceny in the third degree (one

count) and attempt to evade tax (two counts). ¶ Defendant was employed by the Greene County Memorial Hospital. The hospital, which had a radiology department, reclaimed silver flake from used and defective X-ray film. Defendant was in charge of that program. After reclamation, defendant was required to sell the silver and to turn over the proceeds of the sales to the hospital. The indictment accused defendant of three counts of grand larceny in the second degree for having retained part of the funds for himself over a period of three years. However, these charges resulted in a conviction of only one count of grand larceny in the third degree as a lesser included offense of the second count of the indictment, which charged defendant with the specific theft of $1,684 on May 1, 1979. ¶ The case was prosecuted by the Deputy Attorney-General for Medicaid Fraud Control. Most of that office's evidence was obtained from John Novobilsky, who was in the reclamation business. After having been granted statutory immunity, Novobilsky testified before a number of Grand Juries which returned 17 indictments in various counties, one of which was the instant indictment. At the time of defendant's trial, 13 of the indicted defendants had pleaded guilty, one was convicted after a jury verdict and the remaining prosecutions were pending. Novobilsky bought most of the silver which was sold by defendant and he testified as to those transactions. ¶ During the trial and after the direct examination of Novobilsky, defense counsel requested a conference with the court and prosecutor outside the presence of the jury in order to seek an "advance ruling" as to his cross-examination of the witness. In order to impeach the witness, counsel sought permission to inquire into Novobilsky's immunity. The trial court granted permission but with a caveat. Counsel was advised that he could attack the credibility of the witness in the manner requested, but that such questions could open the door for the prosecutor, who would then be able to reconcile the testimony of the witness by an inquiry into his prior activities in which he had cooperated with the special prosecutor. The trial court ruled that it would allow testimony of the results of other prosecutions in which the witness had testified for the purpose of dispelling any unfavorable inference that the jury might draw from the fact that he had been granted immunity in the case on trial. ¶ Defendant contends that the ruling was erroneous and that it effectively prevented his counsel from cross-examining Novobilsky in a manner permitted by law. ¶ The extent of redirect examination is governed by the sound discretion of the trial court (*People v Zigouras,* 163 NY 250, 255-256; *People v Fay,* 270 App Div 261, affd 296 NY 510, affd 332 US 261). One may properly offer evidence in rebuttal to sustain the character of a witness who has been impeached (Richardson, Evidence [10th ed], § 517, p 508; see *Ryan v Dwyer,* 33 AD2d 878). Evidence that 13 of the other 16 prosecutions resulted in pleas of guilty could have reinforced Novobilsky's credibility in the minds of the jurors. We find no error in the trial court's ruling. ¶ Defendant also contends that the trial court committed reversible error in admitting People's exhibits Nos. 31 and 32 into evidence. Those exhibits were summaries of exceedingly voluminous exhibits and testimony in evidence and mathematical computations thereof prepared by an auditor in the employ of the State. There were no actual records of the amount of silver reclaimed for the hospital. The exhibits were offered to establish the amount of X-ray film which came into the reclamation department, the amount and value of silver which should have been reclaimed, and the amount of money actually received by the hospital. ¶ These exhibits were offered and received as business records (CPLR 4518, subd [a]) over the objection of defense counsel. They should not have been received for that reason. It was admitted that they were prepared solely for the purpose of litigation. Consequently, they should not have been admitted as business records (*People v Foster,* 27 NY2d 47, 51-52). However, it would have

been proper to admit them as an aid to the jury's comprehension of voluminous and complex data already received in evidence (Richardson, Evidence [10th ed], § 474, p 466; see *Public Operating Corp. v Weingart,* 257 App Div 379, 382). The witness was available for cross-examination as to his computations. The summaries could have been verified by reference to the actual business records which were in evidence. Without the summaries and the expert's calculations, the jury would have been faced with an almost insurmountable task of sorting through all of the exhibits and making the required calculations. The jury's reliance upon the exhibits is somewhat in doubt in view of its verdict. A ruling upon the admissibility of evidence for an improper reason is not a reversible error if the record supports a proper reason for its admission (see *Matter of Locke,* 21 AD2d 248, mot for lv to app den 15 NY2d 482; *Hoffman v Manheim,* 159 NYS 686). ¶ On appeal, defendant does not challenge his conviction of two counts of the crime of attempt to evade tax, which is completely supported by the evidence. We have examined all other issues raised by defendant and find them to be without merit. ¶ Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.