■ Special Products Manufacturing, Inc., Respondent, v Thaddeus F. Douglass, Also Known as Thaddeus F. Dlugosz,

Appellant.—Casey, J. P. Appeal from a judgment of the Supreme Court (Smyk, J.), entered September 12, 1989 in Broome County, upon a decision of the court in favor of plaintiff.

Plaintiff is in the business of selling and servicing hardness-testing machinery and equipment used to determine the mechanical properties of metals and alloys. In this action plaintiff seeks to recover damages from defendant, one of its former employees, for breach of the noncompetition provision of the employment contract. Plaintiff obtained a default judgment on the liability issue and the matter was scheduled for an inquest on the issue of damages. Supreme Court awarded $62,946 to plaintiff and defendant now appeals.

Defendant contends that plaintiff failed to prove that plaintiff's loss of profits during 1988 in the district where defendant had been employed was caused by defendant's competition. Plaintiff's only witness, its national sales manager, testified that as compared to the previous year, the district showed losses of $22,430 in labor billings, $2,337 in parts sales and $19,000 in tester sales. The witness also claimed that defendant's competition resulted in additional costs, including the following: an $11,000 labor service expense, which was the salary paid to a serviceman during the six-month period that he was ineffective because defendant was servicing plaintiff's customers; a $9,000 service expense, which represented the cost of equipping the serviceman; and a $10,000 sales expense, which represented the cost of the sales manager "trying to deal with * * * the erosion of our customer loss". These claimed losses totaled $73,767.

Using another method to "basically arrive at the same number", plaintiff's witness testified that he applied percentage increases to the district's 1987 sales figure for labor billings, parts sales and tester sales to "forecast" what the 1988 figures should have been. The percentages were apparently derived by looking at the 1987 and 1988 figures for other districts and regions. The "forecast" showed that actual total sales for the district in 1988 were some $62,588 less than what was expected.

Based upon our review of the record we conclude that plaintiff has shown the necessary competition in violation of the contract and a loss of profits with the onset of that competition, warranting an award of damages despite the absence of mathematical certainty in the calculation of the amount of the damages (see, Borne Chem. Co. v Dictrow, 85

AD2d 646, 650). Nevertheless, we conclude that the amount of the award made by Supreme Court is not justified by the record. The "forecast" method, apparently adopted by Supreme Court, is fatally flawed in that the record contains no evidence concerning the accuracy and reliability of the percentages applied to the 1987 figures to "forecast" the 1988 figures. Although the witness made vague reference to the percentage changes between 1987 and 1988 for other districts or regions, there was no explanation as to how the percentages used in the "forecast" were actually derived. The "forecast" method not only lacked mathematical certainty, it also appeared to contain an element of speculation, which is not permitted (see, Lloyd v Town of Wheatfield, 67 NY2d 809, 810).

Turning to the other method used by plaintiff's witness, we find that plaintiff is entitled to the $22,430 actual loss in labor billings for 1988 as compared to 1987. It is undisputed that defendant serviced plaintiff's customers during the period that this loss occurred and plaintiff's witness testified that the loss could not be explained by economic trends or personnel changes. The witness also testified that inasmuch as the district exceeded its break-even figure for the year, the entire decrease in labor billings constituted a loss of net profit. In our view, plaintiff sustained its burden of showing that defendant's breach contributed in a substantial measure to its loss, and the burden shifted to defendant to prove that some intervening cause contributed to the loss (see, Haven Assocs. v Donro Realty Corp., 121 AD2d 504, 508). Although defendant suggested that other factors were present, his claims were pure speculation.

Plaintiff also showed losses exceeding $20,000 in its sales of parts and equipment during the disputed period, but the record does not establish the necessary relationship to defendant's breach (see, Borne Chem. Co. v Dictrow, supra, at 650-651). The record shows that defendant sold only two parts with a total value of $450 during the period in question, and his uncontradicted testimony establishes that he advised customers to purchase parts directly from plaintiff's home office. Plaintiff's witness conceded that he made no effort to determine whether the district's losses were offset by any corresponding increase in sales by the home office. As to the remaining expenses sought by plaintiff under the first method advanced by its witness, we conclude that the expenses are not recoverable. There is nothing in the record to support the claim that these expenses were related to defendant's breach. On the contrary, it is clear that the expenses related to the

serviceman would have been incurred anyway, with the only difference being that his efforts would have produced the labor billings lost to defendant's competition. Recovery of both the labor billings and the expenses would be a double recovery. We reach a similar conclusion regarding the expenses claimed for the district sales manager, which were speculative and uncertain at best.

Judgment modified, on the law and the facts, without costs, by reducing the amount awarded plaintiff therein to $22,430, with interest from November 9, 1988 to September 8, 1989 in the amount of $1,670.06, and the sum of $747.90 for costs and disbursements, amounting in all to the sum of $24,847.96, and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.