■ SAGER SPUCK STATEWIDE SUPPLY COMPANY, INC., Respondent, v ERNEST L. MEYER, Appellant, et al., Defendant. [751 NYS2d 318] —Spain, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered November 27, 2001 in Albany County, upon a verdict rendered in favor of plaintiff.

In 1990, defendant Ernest L. Meyer (hereinafter defendant) sold his majority interest in Statewide Industrial Equipment Company (hereinafter Statewide), a supplier of power transmission equipment, to plaintiff's president and, in conjunction therewith, defendant agreed not to work for any business in competition with Statewide for a period of 10 years. Thereafter, Statewide merged with Sager Spuck Supply Company to form plaintiff, which succeeded in Statewide's rights under the noncompetition agreement.

In May 1996, defendant began working as a salesperson for Midway Industrial Supply (hereinafter Midway), a supplier of power transmission equipment which competes with plaintiff. Plaintiff commenced the instant action against defendant and another individual—no longer a party to this action—alleging, inter alia, that defendant breached the noncompetition agreement, an implied covenant against impairing the goodwill of Statewide and his fiduciary duty. Supreme Court granted plaintiff summary judgment on the issue of liability, its entitlement to injunctive relief and its right to an accounting. On appeal, this Court modified by reversing the summary judgment award as to breach of fiduciary duty and the claim for an accounting (273 AD2d 745). After an inquest on the issue of damages, a jury awarded plaintiff $206,852.62, upon which judgment was entered. Defendant appeals from the damage award, arguing that Supreme Court erred in admitting certain documents into evidence and that plaintiff failed to present adequate proof to support the damage award.

Defendant first contends that Supreme Court erred in admitting into evidence, as an aid to the jury, computer printouts summarizing plaintiff's declining gross sales to those of its customers serviced by defendant at Midway and its corresponding loss of profits. Supreme Court held that the summaries were not admissible as business records because, although the data contained in the summaries was stored in the ordinary course of business in the form of invoice registers, the summaries themselves were produced for the purpose of this litigation (*see People v Ferraioli*, 101 AD2d 629, 630; *cf. People v Weinberg*, 183 AD2d 932, 933-934, *lv denied* 80 NY2d 977). The summaries were admitted, however, for the limited purpose of aiding the jury in comprehending the voluminous data already in evidence (*see Ed Guth Realty v Gingold*, 34 NY2d 440, 452; *People v Potter*, 255 AD2d 763, 767; *People v Ferraioli, supra*). Defendant now concedes that the underlying data for the summaries was obtained through discovery prior to trial and there is no dispute that the summaries were based on properly admitted evidence too voluminous to be easily digested by the jury. Moreover, the individual who created the summaries was available for cross-examination. Under these circumstances, we detect no error in Supreme Court's admission into evidence of the summaries as an aid to the jury (*see People v Ferraioli, supra*).

Contrary to defendant's contentions, we find that Supreme Court clearly instructed the jurors, at the time the summaries were admitted, that the summaries were to be used only as an

aid to understanding the testimony of witnesses and plaintiff's actual business records. We deem defendant to have waived the argument that the court should have reiterated those instructions in its final charge inasmuch as defendant failed to render any objection to the charge as given (*see Zito v New York State Elec. & Gas Corp.*, 122 AD2d 499, 500-501).

Next, defendant argues that the jury disregarded Supreme Court's instructions and improperly relied on the summaries themselves, rather than the actual invoice registers, as evidence of damages. Defendant does not assert that the invoice registers would not support the verdict, but simply argues that the amount of time the jurors spent deliberating, approximately 1¼ hours, necessitates the conclusion that the damage award was improperly based on the summaries rather than the thousands of pages of invoice registers. We need not speculate as to whether the jury could have reached a verdict based on the invoice registers in that amount of time because the summaries and invoices—which serve to measure damages by showing plaintiff's loss of profits corresponding to defendant's competition (*see Special Prods. Mfg. v Douglass*, 169 AD2d 891, 892; *Borne Chem. Co. v Dictrow*, 85 AD2d 646, 650-651)— were not the only proof of damages submitted. Here, defendant's liability has been established for wrongful diversion of goodwill and, thus, damages may be demonstrated by showing "*either* reduced sales to a solicited customer to whom defendant sold [transmission equipment] *or* that the opportunity for profit on additional sales to such customer was lost by consequence of defendan[t's] solicitation" (*Hyde Park Prods. Corp. v Maximilian Lerner Corp.*, 65 NY2d 316, 322 [emphasis added]). In addition to the invoice registers showing declining sales, at trial plaintiff presented evidence of profits that Midway reaped from 57 customers to whom defendant had made sales who previously had been customers of Statewide. Testimony established that the gross profits earned by Midway from defendant's sales to these customers totaled $250,000 and provided a basis for concluding that such sales came about as a result of defendant's solicitation of plaintiff's customers (*see id.* at 322). In light of this evidence, we reject defendant's contention that the jury necessarily based its award of $206,852.62 on the invoice summaries alone.

We now turn to defendant's contention that the damage award was not adequately supported. To set aside a jury verdict on the ground that it is not supported by legally sufficient evidence, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could

possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see Valentine v Lopez*, 283 AD2d 739, 740-741). Defendant relies on the testimony of his expert witness who opined that the evidence adduced at trial did not establish a link between plaintiff's lost profits and defendant's wrongful actions. As discussed above, plaintiff submitted competent evidence demonstrating declining sales to customers that became Midway customers as a result of defendant's efforts, as well as testimony establishing that Midway experienced profits which plaintiff would have enjoyed absent defendant's violation of the agreement not to compete. This evidence was bolstered by defendant's admissions that he took business with him when he left plaintiff to work for Midway and that he called customers in the Albany area to persuade them to do business with Midway. Indeed, the record evidence amply supports the conclusion that defendant willfully solicited and did business with plaintiff's customers and, as a result, plaintiff lost business. On this record, therefore, we cannot find that the jury verdict lacked a rational basis.

To the extent that defendant's arguments on appeal could be construed to challenge the verdict as against the weight of the evidence, we reject them as well. Defendant relies on evidence he presented at trial of intervening factors which he argues were the cause of plaintiff's declining profits, rather than defendant's competition (*see Borne Chem. Co. v Dictrow*, 85 AD2d 646, 651). Defendant's theories in this regard, however, are speculative and it was the role of the jury to weigh the conflicting testimony and accept or reject defendant's proof (*see Pyptiuk v Kramer*, 295 AD2d 768, 770). We find that the jury's verdict is supported by a fair interpretation of the evidence adduced at trial and, accordingly, see no basis upon which to disturb it.

We have considered defendant's remaining contentions and determined that they are without any merit.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.