■ Louis KNIGHT, as Executor of ROBERT KNIGHT, Deceased, Respondent, v J. LOUBEAU, M.D., Appellant, et al., Defendant. [765 NYS2d 366] —Judgment, Supreme Court, Bronx County (Gerald Esposito, J.), entered April 11, 2002, after a jury trial, awarding plaintiff Louis Knight, as executor of the estate of decedent Robert Knight, recovery against defendant-appellant in the amounts of $1,000,000 for decedent's past pain and suffering and $100,000 for decedent's lost earnings, plus interest,

costs and disbursements, unanimously modified, on the facts, to vacate the award of damages for past pain and suffering, and the matter remanded for a new trial solely on the issue of such damages, and otherwise affirmed, without costs, unless plaintiff stipulates, within 20 days of service of a copy of this order with notice of entry, to reduce the award of damages for past pain and suffering to $500,000, and to entry of an amended judgment in accordance therewith.

In 1994, defendant surgeon performed aorto-iliac bypass graft surgery on decedent as treatment for his severe arteriosclerosis. After the surgery, decedent developed a condition known as "trash feet," which results from the lodging of plaque particles in the small arteries of the feet. Ultimately, decedent's feet became gangrenous due to this condition, which required the amputation of part of his right foot and four toes of his left foot. In 1998, decedent was diagnosed with lung cancer. His death in 1999 was unrelated to the trash feet condition.

In this medical malpractice action, it is plaintiff executor's theory that defendant surgeon, in operating on decedent, departed from accepted standards of medical practice by clamping the abdominal aorta prior to clamping the iliac arteries. Plaintiff's expert witness testified that the order of clamping should have been reversed, and further testified that, in his opinion, the order of clamping chosen by defendant allowed loosened plaque particles to travel through the bloodstream down to the feet, thereby causing trash feet. Defendant presented expert witnesses who testified that the order of clamping defendant used was within the range of medically accepted practice in 1994. The jury returned a verdict in favor of plaintiff, and the trial court entered judgment thereon after denying defendant's motion to set aside the verdict. Defendant has appealed.

The judgment as to liability should be affirmed. The verdict for plaintiff finds sufficient support in the testimony of plaintiff's expert to the effect that the order of clamping used by defendant was outside the range of medically accepted alternatives at the time of the operation (*see Nestorowich v Ricotta*, 97 NY2d 393, 399 [2002]). Although defendant presented conflicting expert testimony, the jury's decision to credit plaintiff's expert was within its province as the finder of fact.

In view of the serious illnesses unrelated to the trash feet condition that afflicted decedent throughout the period in question, and to which he ultimately succumbed, we find that the award of damages for past pain and suffering deviates materi-

ally from what is reasonable compensation under the circumstances (CPLR 5501 [c]; *cf. Stokes v New York Med. Group*, 304 AD2d 449 [2003]). Accordingly, we modify to vacate the award of damages for past pain and suffering, and remand for a new trial solely on the issue of such damages, unless plaintiff stipulates to a reduced award, as indicated.

We have considered and rejected defendant's remaining arguments. Concur—Buckley, P.J., Andrias, Sullivan, Lerner and Friedman, JJ.