LARRY STEWART, Individually and as Administrator of the Estate of SHERRY L. STEWART, Deceased, Respondent, v OLEAN MEDICAL GROUP, P.C., et al., Appellants. [795 NYS2d 420]—

Appeal from a judgment of the Supreme Court, Cattaraugus County (John A. Michalek, J.), entered December 11, 2003. The judgment was entered upon a jury verdict awarding plaintiff approximately $2.5 million in damages.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and in the interest of justice without costs and a new trial is granted.

Memorandum: Plaintiff commenced this action to recover damages for the wrongful death and pain and suffering of decedent, which allegedly resulted from the malpractice of her gynecologist, T.S. Wojcik, M.D. (defendant). Supreme Court properly denied that part of the motion of defendants pursuant to CPLR 4404 (a) seeking to set aside the verdict and direct judgment in their favor on the ground that plaintiff failed to present a prima facie case. To set aside the verdict on that ground, "[i]t is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Sager Spuck Statewide Supply Co. v Meyer*, 298 AD2d 794, 796-797 [2002]; *Vasquez v Figueroa*, 262 AD2d 179, 180 [1999]). There is a valid line of reasoning supporting the jury's verdict that defendant was negligent and that his negligence was a substantial factor in bringing about decedent's death from breast cancer (*see Galandauer v Brookdale Hosp. Med. Ctr.*, 274 AD2d 448, 449 [2000]; *Monahan v Weichert*, 82 AD2d 102, 108 [1981]). The court also properly denied that part of defendants' motion pursuant to CPLR 4404 (a) seeking to set aside the verdict as contrary to the weight of the evidence. That relief should not be granted unless "the evidence preponderates so greatly in the

[movants'] favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" (*Better v McCarthy*, 173 AD2d 967, 968 [internal quotation marks deleted] [1991]; *see Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748 [2003]). Here, the parties presented conflicting expert testimony with respect to whether defendant's treatment of decedent deviated from the standard of care and the effect of that deviation, if any, on the progression of decedent's illness. The decision to credit plaintiff's experts was within the province of the jury, and "[t]he verdict is one that reasonable jurors could have rendered on the basis of the conflicting expert testimony" (*Wilson*, 307 AD2d at 749; *see Knight v Loubeau*, 309 AD2d 579, 580 [2003]; *Better*, 173 AD2d at 968).

The court erred, however, in charging the jury pursuant to the *Noseworthy* doctrine (*Noseworthy v City of New York*, 298 NY 76 [1948]) that plaintiff is held to a lesser burden of proof in establishing defendant's negligence. Under the circumstances of this case, the court erred in presenting "the *Noseworthy* doctrine in an 'all or nothing' manner" (*Holiday v Huntington Hosp.*, 164 AD2d 424, 428 [1990]). Here, "[a]t the very least, the court should have instructed the jury that the standard set forth in *Noseworthy* applies only to 'such factual testimony as the decedent might have testified to, had [s]he lived' " (*Casey v Tan* [appeal No. 2], 255 AD2d 900, 901 [1998], quoting *Holiday*, 164 AD2d at 428). Under the circumstances of this case, the court also erred in declining defendants' request that it instruct the jury "to award only those damages proximately caused by [defendant's] negligence and not by the illness itself" (*Monahan v Weichert*, 93 AD2d 984, 984 [1983]). We cannot conclude that those errors in the charge, which may have affected the verdict with respect to both liability and damages, are harmless (*see Marine Midland Bank v John E. Russo Produce Co.*, 50 NY2d 31, 43 [1980]).

In addition, we conclude that the misconduct of plaintiff's counsel throughout the trial and particularly during summation deprived defendants of a fair trial. After the court properly ruled that plaintiff could present limited testimony with respect to statements of decedent expressing her intent to request a mammogram at her appointments with defendant (*see* Prince, Richardson on Evidence § 8-612 [Farrell 11th ed]), counsel persistently exceeded the limitations of that ruling in his questioning of witnesses despite the court's repeated admonitions. On summation, counsel referred to evidence that had been ruled inadmissible, suggested that the jury was being prevented from hearing relevant testimony and made repeated

prejudicial appeals to the jury's passion and sympathy. Although defendants failed to object to the summation comments, reversal is warranted in the interest of justice because the misconduct of plaintiff's counsel "did not consist of an isolated remark during questioning or summation, but a seemingly continual and deliberate effort to divert the jurors' and the court's attention from the issues to be determined" (*Reynolds v Burghezi*, 227 AD2d 941, 942 [1996] [internal quotation marks omitted]). Finally, in view of our determination, we do not address defendants' remaining contentions. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.