■ ANASTASIA N. GARROW, Formerly Known as ANASTASIA N. VASILAKOS, Respondent, v ROSETTIE ASSOCIATES, LLC, et al., Appellants. [875 NYS2d 307]—

Rose, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered March 5, 2008 in Albany County, which denied defendants' motion to set aside the verdict.

Following the trial of this personal injury action, the jury returned a verdict finding that defendants had been negligent and apportioning liability at 85% to defendants and 15% to plaintiff. In addition to her medical expenses, plaintiff was awarded $50,000 for past pain and suffering and $450,000 for future pain and suffering. Defendants now appeal from Supreme Court's order denying their motion to set aside the award for future pain and suffering as excessive.

"An award for pain and suffering is inherently a subjective inquiry, not subject to precise quantification, and generally presents a question of fact for the jury" (*Petrilli v Federated Dept. Stores, Inc.*, 40 AD3d 1339, 1343 [2007] [citations omitted]; *see Molter v Gaffney*, 273 AD2d 773, 773 [2000]). Such an award will not be set aside unless it deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Mihalko v Regnaiere*, 36 AD3d 983, 984 [2007]; *Marshall v Lomedico*, 292 AD2d 669, 669 [2002]).

Here, the evidence at trial established that plaintiff, who was 37 years old at the time of her fall, sustained hyperflexion of her dominant arm and injury to her brachial plexus. Plaintiff's treating physician testified that plaintiff's continuing symptoms included pain, numbness, weakness and reduced range of mo-

tion in her right arm. The physician diagnosed plaintiff's conditions as thoracic outlet syndrome and scapula thoracic disassociation, and described them as permanent and significantly limiting her use of her right arm and shoulder. In addition, while her physician did not predict that plaintiff's condition would get worse in the future, he opined that it was unlikely to improve even with corrective surgery. Plaintiff testified that she experiences constant pain from her neck down to her right hand as well as numbness and weakness in her arm. She described how these symptoms restrict her activities, making it difficult or impossible to sleep, perform household chores, do gardening, lift heavier objects and use a computer. At the time of the verdict, plaintiff's life expectancy was 44.7 years.

The lack of reported cases involving awards for thoracic outlet syndrome lead us to consider other cases with similar symptoms and significant impairments of a person's shoulder and arm. While we cannot agree with Supreme Court that the most relevant case is *Gerbino v Tinseltown USA* (13 AD3d 1068 [4th Dept 2004]), because that case involved a variety of injuries and some were likely to improve in the future, other cases have affirmed awards for future pain and suffering for injury and impairment of an arm and shoulder comparable to that experienced by plaintiff (*see Vertsberger v City of New York*, 34 AD3d 453 [2006]; *Lantigua v 700 W. 178th St. Assoc., LLC*, 27 AD3d 266 [2006]; *Karwacki v Astoria Med. Anesthesia Assoc., P.C.*, 23 AD3d 438 [2005]; *Baez v New York City Tr. Auth.*, 15 AD3d 309 [2005]; *Cabezas v City of New York*, 303 AD2d 307 [2003]; *Keefe v E & D Specialty Stands*, 272 AD2d 949 [2000], *lv denied* 95 NY2d 761 [2000]; *Van Deusen v Norton Co.*, 204 AD2d 867 [1994]). Accordingly, we conclude that the award of $450,000 here does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]).

Cardona, P.J., Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.