■ RICHARD WINIARSKI et al., Respondents, v LINDA HARRIS, M.D., et al., Appellants, et al., Defendants. (Appeal No. 1.) [910 NYS2d 742]—Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 12, 2010 in a medical malpractice action. The order granted the application of defendants Linda Harris, M.D. and University at Buffalo Surgeons, Inc. for a collateral source reduction of an award of damages.

Appeal from a judgment of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered January 26, 2010 in a medical malpractice action. The judgment awarded plaintiffs money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting the post-trial motion of defendants Linda Harris, M.D. and University at Buffalo Surgeons, Inc. in part and setting aside the award of damages for past and future pain and suffering and as modified the judgment is affirmed without costs, and a new trial is granted on damages for past and future pain and suffering only unless

those defendants, within 30 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for past pain and suffering to $162,000 and for future pain and suffering to $400,000, in which event the judgment is modified accordingly and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Richard Winiarski (plaintiff) during surgery due to the medical malpractice of his surgeon, Linda Harris, M.D. (defendant). We reject the contention of defendants-appellants (hereafter, defendants) that Supreme Court erred in denying their post-trial motion to set aside the jury verdict on the ground that plaintiffs failed to establish a prima facie case of medical malpractice. In order to establish their entitlement to that relief, defendants had to establish that the evidence was legally insufficient, i.e., "that there [was] simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Stewart v Olean Med. Group, P.C.*, 17 AD3d 1094, 1095 [2005]). Here, there is a valid line of reasoning supporting the jury's verdict that defendant deviated from the applicable standard of care in her performance of plaintiff's surgery, and that such deviation was a proximate cause of plaintiff's injures (*see generally Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 882-883 [2005]). Contrary to the alternative contention of defendants in support of their post-trial motion, the verdict was not against the weight of the evidence, i.e., it did not so preponderate in defendants' favor such that the jury could not have found for plaintiffs on any fair interpretation of the evidence (*see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Stewart*, 17 AD3d at 1095-1096). Indeed, "[t]his trial was a prototypical battle of the experts, and the jury's acceptance of [plaintiffs'] case was a rational and fair interpretation of the evidence" (*Lillis v D'Souza*, 174 AD2d 976, 977 [1991], *lv denied* 78 NY2d 858 [1991]).

We agree with the contention of defendants in their post-trial motion that Supreme Court erred in permitting plaintiffs' counsel to attempt to impeach defendant by reading into the record a passage from an unidentified medical treatise during plaintiffs' direct examination of defendant. "Although opinion in a publication which an expert deems authoritative may be used to impeach an expert on cross-examination . . . , the introduction of such testimony on direct examination consti-

tutes impermissible hearsay" (*Lipschitz v Stein*, 10 AD3d 634, 635 [2004]). Further, even considering that, as an adverse party, the direct examination of defendant by plaintiffs' counsel could and, in fact did, "assume the nature of cross-examination" (*Jordan v Parrinello*, 144 AD2d 540, 541 [1988]), here defendant never accepted the medical treatise as authoritative (*see Labate v Plotkin*, 195 AD2d 444, 445 [1993]). Nevertheless, we cannot conclude that such an isolated error warrants reversal under the circumstances of this case (*cf. id.*; *see generally Messina v Renison*, 21 AD2d 803 [1964]). Although we also agree with defendants that plaintiffs' counsel erred on summation in referring to testimony that had been stricken from the record, we note that defendants did not object (*see Stewart*, 17 AD3d at 1096-1097). In any event, that error, as well as the other alleged errors in the summation of plaintiffs' counsel "to the extent that they are preserved, are 'not so flagrant or excessive that a new trial is warranted'" (*Dombrowski v Moore*, 299 AD2d 949, 951 [2002]).

Contrary to the further alternative contention of defendants in their post-trial motion, the court properly determined that the jury's award for past pain and suffering of $12,000 and for future pain and suffering of $40,000 deviated materially from what would be reasonable compensation for plaintiff's injuries (*see* CPLR 5501 [c]; *Garrow v Rosettie Assoc., LLC*, 60 AD3d 1125, 1125-1126 [2009]). Plaintiff, who is right-handed, suffered from scapular winging and a permanent limitation of his right shoulder and arm as a result of defendant's malpractice. As plaintiffs correctly concede, however, the court erred in unconditionally increasing the jury verdict inasmuch as "[t]he proper procedure when a damages award is inadequate is to order a new trial on damages unless [a] defendant stipulates to the increased amount" (*Rajeev Sindhwani, M.D., PLLC v Coe Bus. Serv., Inc.*, 52 AD3d 674, 677 [2008]; *see Feathers v Walter S. Kozdranski, Inc.*, 129 AD2d 975 [1987]). Further, although we conclude that the increased award of $162,000 for past pain and suffering does not "deviate[ ] materially from what would be reasonable compensation" (CPLR 5501 [c]), we conclude that an award of $400,000 for plaintiff's future pain and suffering, rather than the sum of $540,000 as determined by the court, is the highest amount a jury could have awarded plaintiffs (*see generally Garrow*, 60 AD3d at 1125-1126).

We have reviewed defendants' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.