# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1232**
**CA 11-02555**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

ALESSANDRO SACCHETTI, PLAINTIFF-RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHAEL L. GIORDANO, DPM, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAMON MOREY LLP, BUFFALO (AMY ARCHER FLAHERTY OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PAMELA R. HALPIN, EAST ROCHESTER, FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (William
P. Polito, J.), entered April 7, 2011. The judgment awarded plaintiff
money damages upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained as a result of defendant's alleged podiatric
malpractice. Following a trial, the jury found defendant liable for
plaintiff's injuries and awarded damages to plaintiff. Defendant made a
posttrial motion to set aside the jury's verdict on the ground that it
is not supported by legally sufficient evidence and to direct a verdict
in his favor. In the alternative, defendant requested that a new trial
be granted because, inter alia, the verdict is against the weight of the
evidence. Supreme Court properly denied defendant's posttrial motion.

Contrary to defendant's contention, plaintiff established a prima
facie case of podiatric malpractice. Indeed, "there is a valid line of
reasoning supporting the jury's verdict that defendant deviated from the
applicable standard of care . . . and that such deviation was a
proximate cause of plaintiff's injuries" (*Winiarski v Harris* [appeal No.
2], 78 AD3d 1556, 1557; *cf*. *James v Wormuth* [appeal No. 2], 93 AD3d
1290, 1291). We reject defendant's alternative contention in support of
his posttrial motion that the verdict on liability is against the weight
of the evidence. We conclude that the verdict "is one that reasonable
persons could have rendered after receiving conflicting evidence[ and
thus we] should not substitute [our] judgment for that of the jury"
(*Herbst v Marshall*, 89 AD3d 1403, 1403).

Finally, contrary to defendant's contention, the jury awards for
past and future lost wages are supported by legally sufficient evidence

and are not against the weight of the evidence.  While plaintiff did not become a union electrician until after he was treated by defendant, " '[r]ecovery for lost earning capacity is not limited to a plaintiff's actual earnings before the [injury], . . . and the assessment of damages may instead be based upon future probabilities' " (*Huff v Rodriguez*, 45 AD3d 1430, 1433; *see Kirschhoffer v Van Dyke*, 173 AD2d 7, 10).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court