Appeal from an amended judgment of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered May 21, 2013. The amended judgment, insofar as appealed from, awarded plaintiff money damages upon a jury verdict.
It is hereby ordered that the amended judgment so appealed from is affirmed without costs.
Memorandum: In this medical malpractice and wrongful death action, William Beals, M.D. (defendant) appeals from an amended judgment awarding money damages to plaintiff. We reject defendant’s contention that Supreme Court erred in denying his posttrial motion seeking to set aside the verdict on the ground that plaintiff had failed to establish a prima facie case of medical malpractice. To establish his entitlement to that relief, defendant was required to establish that the evidence was legally insufficient to support the verdict, i.e., “that there [was] simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial” (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). On this record, we conclude that “there is a valid line of reasoning supporting the jury’s verdict that defendant deviated from the applicable standard of care in [his treatment] of plaintiff’s [decedent] . . . , and that such deviation was a proximate cause of [the] injuries” of plaintiffs decedent (Winiarski v Harris [appeal No. 2], 78 AD3d 1556, 1557 [2010]; see generally Sacchetti v Giordano, 101 AD3d 1619, 1619-1620 [2012]). We also reject defendant’s alternative contention in support of his posttrial motion that the verdict is against the weight of the evidence, i.e., that the evidence so preponderated in defendant’s favor that the verdict in favor of plaintiff could not have been reached *1359 on any fair interpretation of the evidence (see generally Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). Here, we conclude that “the ‘trial was a prototypical battle of the experts, and the jury’s acceptance of [plaintiff’s] case was a rational and fair interpretation of the evidence’ ” (Holstein v Community Gen. Hosp. of Greater Syracuse, 86 AD3d 911, 912 [2011], affd 20 NY3d 892 [2012]). With respect to our dissenting colleague’s summary of the testimony of plaintiffs expert, we respectfully note that there may have been more than one proximate cause of decedent’s injuries (see generally Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 560 n 2 [1999]), and that the jury was entitled to credit plaintiffs theory that defendant’s actions constituted one of those proximate causes.
Defendant further contends that the verdict must be set aside and a new trial granted because, inter alia, he was denied a fair trial by the admission in evidence of certain documents of the Office of Professional Medical Conduct. Even assuming, arguendo, that the court erred in admitting those documents in evidence, defendant’s contention lacks merit inasmuch as “that . . . error ‘would not have affected the result[,]’ and . . . any such error therefore is harmless” (Cook v Oswego County, 90 AD3d 1674, 1675 [2011]).
Contrary to defendant’s further contention, the court’s failure to submit a special verdict sheet to the jury was not prejudicial and does not require a new trial (see Suarez v New York City Health & Hosps. Corp., 216 AD2d 287, 287 [1995]; see also Kolbert v Maplewood Healthcare Ctr., Inc., 21 AD3d 1301, 1301-1302 [2005]). We have considered defendant’s remaining contentions and, to the extent that they are properly before us, we conclude that they lack merit.
All concur except Smith, J.E, who dissents and votes to reverse the amended judgment insofar as appealed from in accordance with the following memorandum.