Gontarek v New York City Tr. Auth. (2021 NY Slip Op 05081)





Gontarek v New York City Tr. Auth.


2021 NY Slip Op 05081


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 158222/13 Appeal No. 14228 Case No. 2020-02818 

[*1]Richard Gontarek, Plaintiff-Respondent,
v
The New York City Transit Authority et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for appellants.
Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.



Judgment, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered February 6, 2020, upon a jury verdict, insofar as appealed from as limited by the briefs, awarding plaintiff $300,000 for past pain and suffering and $300,000 for future pain and suffering against defendant New York City Transit Authority, unanimously affirmed, without costs.
At trial, the court permitted plaintiff and his expert orthopedic surgeon to testify that plaintiff would need one or two shoulder replacement surgeries in the future, but granted defendants' motion in limine to preclude plaintiff from adducing evidence as to the cost of such surgeries on the ground that the cost was neither pleaded in plaintiff's bills of particulars nor discussed in either his CPLR 3101(d) exchange or the orthopedic surgeon's narrative report. Since defendants neither timely objected to the testimony about the need for future surgery nor moved for a mistrial on the basis of the testimony that was adduced, their contention that plaintiff and the surgeon should not have been permitted to testify about plaintiff's future need for surgeries is unpreserved for our review (Smith v Rudolph, 151 AD3d 58, 62 [1st Dept 2017]).
The jury's award of damages for future pain and suffering was supported by legally sufficient evidence and was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493, 498-499 [1978]). While defendants' argument that plaintiff's prognosis was not as poor as he and his expert orthopedic surgeon claimed was colorable, and was supported by some of plaintiff's medical records, the jury was free to reject defendants' argument and credit plaintiff's and his orthopedic surgeon's testimony (see generally e.g. Garrison v Lapine, 72 AD3d 1441, 1442-1443 [3d Dept 2010]; Stewart v Olean Med. Group, P.C., 17 AD3d 1094, 1096 [4th Dept 2005]; compare Stanford v Rideway Corp., 161 AD3d 505, 505 [1st Dept 2018]). We reject defendant's argument that the evidence that plaintiff would need shoulder replacement surgery in the future was speculative.
Defendants' argument that the jury's past and future pain and suffering awards deviated from what would constitute reasonable compensation (CPLR 5501[c]) is
unavailing (see e.g. Thompson v Toscano, 166 AD3d 446 [1st Dept 2018]; Morales v Manhattan & Bronx Surface Tr. Operating Auth., 106 AD3d 459 [1st Dept 2013]; Konfidan v FF Taxi, Inc., 95 AD3d 471 [1st Dept 2012]; Elescano v Eighth-19th Co., LLC, 17 AD3d 250 [1st Dept 2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021