Charles J. Meilak et al., Appellants, *v.* Atlantic Cement Company, Inc., Respondent.

Third Department, June 28, 1968.

*John J. Biscone (Daniel H. Prior, Jr.,* of counsel), for appellants.

*Ainsworth, Sullivan, Tracy & Knauf (William M. O'Hare* of counsel), for respondent.

Staley, Jr., J. This is an appeal from an order of the Supreme Court at Trial Term, entered November 15, 1967 in Albany County, which granted a motion to permit the defendant

to deposit with the Clerk of the County of Albany, the sum of $3,256.50 in full satisfaction of the plaintiffs' judgment, including interest and costs.

This action and six other actions against the defendant were tried together at an Equity Term of the Supreme Court, Albany County, and culminated in a decision in favor of the plaintiffs in each action on August 14, 1967, awarding money damages for nuisance and trespass. (55 Misc 2d 1023.) An injunction sought by the plaintiffs was denied. Upon entry of the judgment in each action, a copy thereof was served upon the attorneys for the defendant, together with a notice of appeal in six of the actions. The judgment creditor in the remaining action indicated that no appeal would be taken and, upon payment of the amount of his judgment, delivered a satisfaction to the defendant.

The defendant thereafter moved for an order pursuant to CPLR 5021 subd. [a], par. 3) permitting it to deposit with the Clerk of the County of Albany, the amount of said judgments, including interest and costs thereon in full satisfaction of each judgment. The moving affidavit indicates that such relief was sought in order to stop the running of interest since the transcript of the record would consist of approximately 3,000 pages which would take some time to transcribe and that it would probably be a year or more before the plaintiffs' appeal was perfected. A Sheriff's certificate annexed to the moving affidavit indicated that there were no outstanding executions on said judgments.

On the argument of the motion, the plaintiff submitted an affidavit by the official supreme court stenographer which indicated that the transcript of the record was ordered on October 18, 1967, and it was contemplated that the transcript would be completed within two and one-half months or by mid-January, 1968. The transcript was completed at the end of February 1968.

The plaintiffs contend that the granting of the order for the sole purpose of stopping the running of interest was an abuse of discretion, in that the use of CPLR 5021 (subd. [a], par. 3) to satisfy a judgment is an extraordinary procedure, and there should be a sound reason for resorting to it, and that the suspension of interest is not a sound reason, since it is prejudicial to their right to interest as mandated by CPLR 5003. They further assert that they are placed in the peculiar position of appealing from a judgment that has been satisfied.

CPLR 5021 (subd. [a], par. 3) directs the Clerk of the Court in which the judgment was entered to make an entry of the satisfaction of the judgment on the judgment docket upon

" 3. the deposit with the clerk of a sum of money which satisfies or partially satisfies the judgment pursuant to an order of the court made upon motion with such notice to other persons as the court may require, permitting such deposit; such an order shall not be made unless the court is satisfied that there are no outstanding executions on which sheriff's fees have not been paid ". This section was derived from former section 530 of the Civil Practice Act, and differs therefrom only insofar as a court order is now required and the language concerning the preservation of the right to appeal from the judgment has been omitted.

The omission of the language preserving the right to appeal need be of no concern, since an appellant can accept the benefits of a judgment without waiving his right to appeal from it where he is dissatisfied with amount of judgment. In such cases he is deemed to be a party aggrieved. (*Cornell* v. *T. V. Development Corp.*, 17 N Y 2d 69.)

A summary of the Legislative Studies and Reports set forth in McKinney's Consolidated Laws of New York relative to CPLR 5021 states: " The power to allow such payment could appropriately be used in such cases as where (1) a tender of money has been made to the person entitled to receive satisfaction but was not accepted; or (2) the whereabouts of the person entitled to receive satisfaction are unknown; or (3) satisfaction is claimed by several parties."

The record in the instant case does not indicate whether or not a tender of payment of the amount of plaintiffs' judgment was made prior to the motion. If such a tender had been made, the order appealed from would have been a proper exercise of the court's discretion. A tender or payment of a special deposit into court will halt the running of interest on a judgment. (8 Carmody-Wait 2d, New York Practice, § 63.32; *Feldman* v. *Brodsky*, 12 A D 2d 347, affd. 11 N Y 2d 692; *Matter of Board of Water Comrs. of Vil. of White Plains [Westchester County Water Works Co.]*, 132 App. Div. 75, affd. 195 N. Y. 502.)

In the absence of a tender of payment of the amount of the plaintiffs' judgment, prior to the motion herein, the record does not contain any sound reason for resorting to the unusual manner of payment of a judgment as provided by CPLR 5021 (subd. [a], par. 3) and in the interest of orderly procedure and to avoid unnecessary judicial proceedings the motion should have been denied.

The order should be reversed, on the law and the facts and in the exercise of discretion, without costs, and without prejudice

to the defendant to renew its application in the event plaintiffs shall refuse tender of the amount due on the judgment.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Order reversed, on the law and the facts and in the exercise of discretion, without costs, and without prejudice to the defendant to renew its application in the event plaintiffs shall refuse tender of the amount due on the judgment.