■ HUGH P. JONES, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [701 NYS2d 94] —In an action to recover damages for medical malpractice, the defen-

dant appeals from an amended judgment of the Supreme Court, Kings County (Bellard, J.), entered August 26, 1998, which, upon a jury verdict awarding the plaintiff the sums of $375,000 for past lost earnings, $2,000,000 for past pain and suffering, $360,000 for future loss of earnings, and $1,080,000 for future pain and suffering, is in favor of the plaintiff and against it in the principal sum of $3,815,000.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the award of damages for future loss of earnings and substituting therefor a provision granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for future loss of earnings from the principal sum of $360,000 to the principal sum of $144,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the plaintiff adduced sufficient evidence from which a jury could rationally conclude that his loss of sight and hearing was proximately caused by the defendant's departure from good and accepted medical practice (see, Cohen v Hallmark Cards, 45 NY2d 493, 498-499; Mortensen v Memorial Hosp., 105 AD2d 151, 158; Mertsaris v 73rd Corp., 105 AD2d 67, 82-83; Kiker v Nassau County, 175 AD2d 99). Moreover, the verdict is based upon a fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129).

The award of damages for future loss of earnings was excessive to the extent indicated because it deviates materially from what would be reasonable compensation under the circumstances of this case (see, CPLR 5501 [c]; Bacigalupo v Healthshield, Inc., 231 AD2d 538, 539; Calo v Perez, 211 AD2d 607, 608; Clanton v Agoglitta, 206 AD2d 497, 499). O'Brien, J. P., Krausman, Florio and Feuerstein, JJ., concur.