■ COLETTE CARL, Individually and as Mother and Natural Guardian of COLETTE BILLUPS, an Infant, et al., Respondents, v BENITA DANIELS, Defendant, and CITY OF NEW YORK et al., Appellants. [702 NYS2d 279] —Judgment, Supreme Court, Bronx County (Joseph Giamboi, J., and a jury), entered on or about October 26, 1998, insofar as appealed from, awarding infant plaintiff prestructured damages of $1.5 million for past pain and suffering and $1 million for future pain and suffering, upon her stipulation, in lieu of a new trial on damages, to reduce the jury awards for past and future pain and suffering from $4 million and $3 million, respectively, unanimously modified, on the facts, to partially reinstate the jury's verdict to the extent of $2,300,000 and $2,500,000 for past and future pain and suffering, respectively, and otherwise affirmed, without costs.

The awards for past and future pain and suffering, as reduced by the trial court, deviate materially from what is reasonable compensation, to the extent indicated, where plaintiff, 12 years old at the time of the accident, sustained a severe comminuted fracture of the midshaft of the left femur that required two surgical procedures within a week of the accident and a third to remove a rod from her leg a year and a half after the accident, and involves ongoing pain, substantial limitations in range of motion and a likelihood of future surgery and chronic pain.

In all other respects, we affirm. The order precluding defendants from putting in any affirmative proof as to how the accident happened was amply justified by their noncompliance with three disclosure orders requiring them to produce an employee who was in the ambulance that caused the accident. Not until almost three years after the order conditionally striking their answer, which was more than three years after the witness had died and just seven days before the trial, did defendants offer any kind of explanation for their noncompliance (*see, Austin v Coin Devices Corp.*, 234 AD2d 155). The trial court also properly permitted plaintiff to call her former treating physician on her direct case, notwithstanding that his attendance at trial was secured and paid for by defendants, where he admittedly was not competent to give an expert opinion on plaintiff's prognosis, but had pertinent knowledge of the nature of plaintiff's injury and her course of treatment. Defendants had ample opportunity on cross-examination of the doctor to elicit any facts concerning plaintiff's injury and treatment not elicited on direct examination. The record supports the 5.8% discount rate adopted by the trial court (*see, Bermeo v Atakent*, 241 AD2d 235, 245). We have considered defendants' other arguments and find them unavailing. Concur—Nardelli, J. P., Ellerin, Saxe and Buckley, JJ.