■ MILAGROS CEPEDA, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [756 NYS2d 189] —Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered on or about June 18, 2001, which, in an action based on medical malpractice culminating in a verdict awarding plaintiff $12 million for her infant decedent's conscious pain and suffering and $83,000 for plaintiff's future pecuniary loss, granted defendants' posttrial motion pursuant to CPLR 4404 (a) to the extent of directing a new trial on the issue of damages for the decedent's conscious pain and suffering only, unless plaintiff stipulated to reduce the jury's award therefor to $175,000, unanimously modified, on the facts, to direct a new trial on the issue of damages for the decedent's conscious pain and suffering only, unless plaintiff stipulates to reduce the jury's award therefor to $750,000, and otherwise affirmed, without costs.

The decedent was born in severe distress due to defendants' failure to timely monitor almost nine hours of fetal distress, acidosis, sepsis, and meconium aspiration, and the delay of a "crash" cesarean section delivery occasioned by a shift change in personnel. The decedent's compromised condition required constant invasive procedures during her 12-day life, including intubation and placement in a heart-lung machine for a therapy known as extra corporeal membrane oxygenation (ECMO), which required catheterization through the neck into the heart in order to bypass her damaged lungs. The ECMO incubated a secondary candida infection that resulted in slow respiratory decomposition and death.

The trial court reduced the award on the rationale that, as a newborn, the decedent could not have had any cognitive awareness of her impending death. However, while "some level" of cognitive awareness is a prerequisite to recovery for loss of enjoyment of life, the factfinder is not required "to sort out varying degrees of cognition and determine at what level a particular deprivation can be fully appreciated" (*McDougald v Garber*, 73 NY2d 246, 255 [1989]). Thus, given the evidence of the decedent's consciousness for most of her short life, we find the trial court's reduction of the jury's verdict excessive. Concur—Andrias, J.P., Buckley, Williams and Gonzalez, JJ.