■ Isidra Lopez et al., Appellants-Respondents, v Juan A. Gomez et al., Defendants, Ahmad Bakhtiar, Respondent, and Maitra Associates, Inc., Respondent-Appellant. Isidra Lopez et al., Appellants, v Juan A. Gomez et al., Defendants, and Ahmad Bakhtiar et al., Respondents. [761 NYS2d 601] —Judgment, Supreme Court, Bronx County (Betty Owen Stinson, J., and a jury), entered March 13, 2002, inter alia, awarding plaintiff child $1.5 million for past pain and suffering, with interest, costs and disbursements, unanimously modified, on the law and the facts, to remand for a new trial on the issues of plaintiffs' damages for the infant decedent's wrongful death and personal injuries, plaintiff infant's damages for future pain and suffering, and the mother's cause of action for loss of services of her seven-year-old child, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 17, 2002, which, insofar as appealed from, dismissed plaintiff mother's cause of action for emotional distress caused by the death of her decedent, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The action arises out of a motor vehicle accident involving two adults, who were not physically injured, their seven-year-old son, who was injured, and their 15-day-old son, who sustained a skull fracture and died some two hours after the accident. Defendant Maitra does not challenge the jury finding that the accident was caused by the negligence of its employee. Various errors require a new trial on various damage issues. First, the cause of action for the infant's wrongful death was incorrectly dismissed as a matter of law at the close of evidence on the ground that there was no evidence of pecuniary loss. But there was no need for any such evidence. "[I]n any wrongful death action, especially one involving a child of tender years, the absence of dollars and cents proof of pecuniary loss does not relegate the distributees to recovery of nominal

damages only. * * * Rather, since it is often impossible to furnish direct evidence of pecuniary injury, calculation of pecuniary loss is a matter resting squarely within the province of the jury." (*Parilis v Feinstein,* 49 NY2d 984, 985 [1980].) Second, the cause of action for the infant's pain and suffering during the two hours that he survived after the accident was incorrectly dismissed as a matter of law at the close of evidence on the ground that there was no evidence that the infant experienced any pain. But there was such evidence, namely, the testimony of the father, the mother and the person who carried the baby into the hospital, who described how the baby was "changing colors" and "trying to breathe," "his forehead was becoming swollen," "his eyes were different" and "he was full of blood." Nor does the requirement that there be some level of cognitive awareness preclude a newborn from recovering damages for pain and suffering as a matter of law (*see Cepeda v New York City Health & Hosps. Corp.,* 303 AD2d 173 [2003]). Third, while the $1.5 million awarded for plaintiff child's past pain and suffering does not deviate from what is reasonable compensation for his comminuted fracture of the femur and deep facial lacerations and abrasions that, inter alia, required a three-week hospitalization after the accident (*cf. Carl v Daniels,* 268 AD2d 395 [2000], *lv denied* 96 NY2d 704 [2001]), the weight of the evidence shows that the child's facial scarring, continuing leg-shortening and persistent psychological damage will cause him future pain and suffering, and we accordingly remand for a new trial on that issue as well.

The mother's cause of action for loss of the child's services was improperly dismissed for lack of evidence showing what he did for her before the accident that he could no longer do for her after the accident. This cause of action must be remanded for trial. But the evidence at trial did not satisfy the threshold necessary to sustain a claim for zone-of-danger emotional distress. While there was ample evidence that the horrific consequences of the accident caused both parents emotional distress, there was no evidence that either had any contemporaneous awareness of the seriousness of either child's injuries (*see Bovsun v Sanperi,* 61 NY2d 219, 231-232 [1984]). As neither spouse can claim emotional injury as a result of the accident, neither can claim loss of services as a result of the other's emotional injury. We have considered plaintiffs' other arguments and find them unavailing. Concur—Nardelli, J.P., Sullivan, Rosenberger, Wallach and Gonzalez, JJ.