■ RODRIGO VILLASECA et al., Respondents, v CITY OF NEW YORK et al., Appellants. [852 NYS2d 64]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered on or about September 11, 2006, which, after a jury trial, to the extent appealed from as limited by the briefs, awarded plaintiff Rodrigo Villaseca $2,000,000 and $6,000,000 for past and future pain and suffering, $2,300,000 for future lost earnings, and $100,000 for future medical expenses, and awarded plaintiff Diane Villaseca $300,000 and $1,500,000 on her derivative claims for past and future loss of services, unanimously modified, on the law, the complaint dismissed as against defendant City of New York, and on the law and the facts, the above-stated damage awards vacated and the matter remanded for a new trial on said damage issues alone, and otherwise affirmed, without costs, unless plaintiffs stipulate, within 20 days after service of a copy of this order, to accept reduced awards of $3,000,000 for future pain and suffering, $1,801,466 for future lost earnings, $21,000 for future medical expenses, and $250,000 and $500,000 for past and future loss of services, and the entry of an amended judgment in accordance therewith.

The City was clearly an improper party (see Perez v·City of

*New York*, 41 AD3d 378 [2007]), and its motion to dismiss should have been granted.

A fair interpretation of the evidence supports the jury verdict that the Board of Education was 100% liable for plaintiff teacher's injuries, and that the actions of neither the teacher nor the student were a substantial factor in causing the injury (*Cohen v Hallmark Cards*, 45 NY2d 493 [1978]). Evidence supported a finding that the Board of Education failed to comply with applicable industry standards governing the inspection and maintenance of a hydraulic controller on a school door that an eight-year-old emotionally disturbed student suddenly slammed against the side of the teacher's head. The teacher suffered a detached retina of the right eye, and notwithstanding nine surgical procedures, he eventually lost sight in that eye. The eye deteriorated to a discolored, opaque appearance, giving him continuous pain that was not likely to abate until such time as he elected to undergo the implantation of a false eye.

Uncontested evidence established that the hydraulic controller in question had been broken for over a year, and that the Board of Education received timely written and verbal notice of such defect. There was also uncontested evidence that if the hydraulic controller had been operational, the door could not be slammed shut. This was a school for emotionally disturbed children, and the door in question was the sole entrance to a small room where particularly uncooperative or unruly children would be placed until they calmed down. Thus, the hydraulic controller was necessary to the safe operation of the door.

We find the damage awards excessive to the extent indicated. In addition to the loss of his right eye, the teacher had a preexisting macular hole condition in his left eye that left him only peripheral vision in that eye. The result was extremely limited vision, which meant that he could no longer work. Nevertheless, we find the future pain and suffering award deviates materially from what would be reasonable compensation for the loss of an eye (*see e.g. Fresco v 157 E. 72nd St. Condominium*, 2 AD3d 326 [2003], *lv dismissed* 3 NY3d 630 [2004]). Plaintiffs offered no evidence of loss of society (*see Grant v City of New York*, 4 AD3d 158, 159 [2004]), but did provide evidence that the wife had assumed full responsibility for household chores, cooking, transportation for their young son, and helping her husband move about (*see e.g. Schultz v Turner Constr. Co.*, 278 AD2d 76 [2000]). As to the awards for future lost earnings and medical expenses, plaintiffs acknowledge that the evidence supported those awards only to the extent that they have been reduced. Concur—Mazzarelli, J.P., Andrias, Catterson and McGuire, JJ.