■ JONATHAN E. VICK et al., Respondents, v RICHARD ALBERT et al., Appellants, et al., Defendants. [856 NYS2d 482]—Appeal from order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 4, 2007, which denied the motion by defendants Albert and the Albert Greenberg & Vick and Godwin Realty partnerships to deposit funds into court as a satisfaction piece in order to stay enforcement of a judgment pending appeal, unanimously dismissed as moot, without costs.

*After* plaintiffs obtained a judgment against appellants, both sides appealed, during the pendency of which appellants moved to deposit funds into court pursuant to CPLR 5021 (a) (3), in partial satisfaction and as an undertaking for the balance of the judgment, in order to stay enforcement. Appellants argued that a deposit made under CPLR 5021 (a) (3), as opposed to an undertaking under CPLR 2501 (2) or 5519 (a) (2), tolls the running of postjudgment interest and avoids the requirement to pay the 2% administrative fee under CPLR 8010 (1). Plaintiffs successfully opposed the motion, and pending the instant appeal from that order, appellants filed an undertaking pursuant to CPLR 5519 (a) (2), which does not require a court order to stay enforcement of the judgment.

On January 17, 2008, this Court affirmed the judgment in

plaintiffs' favor (47 AD3d 482 [2008]), effectively rendering the instant appeal moot. Were we to reach the merits, we would find that the motion court properly exercised its discretion in denying appellants' effort to deposit funds pursuant to CPLR 5021 (a) (3), since they failed to make an unconditional tender of the judgment prior to making the motion (*Meilak v Atlantic Cement Co.*, 30 AD2d 254 [1968]). Concur—Lippman, P.J., Tom, Williams and Acosta, JJ.