■ ZAYTUNE DOVIAK, Individually and as Guardian ad Litem of ROBERT DOVIAK, Appellant, v LOWE'S HOME CENTERS, INC., et al., Defendants and Third-PartyPlaintiffs, and NICHOLAS J. BOURAS, INC., Respondent, et al., Defendants. SIX COUNTY ERECTORS, INC., Third-Party Defendant-Respondent. [880 NYS2d 766]—

Kavanagh, J. Appeals (1) from a judgment of the Supreme Court (Egan, Jr., J.), entered December 31, 2007 in Ulster County, upon a verdict rendered in favor of plaintiff, (2) from an order of said court, entered June 4, 2008 in Ulster County, which, upon reargument, amended the judgment, and (3) from the amended judgment entered thereon.

Robert Doviak was employed as an iron worker for third-party defendant, Six County Erectors, Inc., which had been hired as a subcontractor to install the iron work for the roof on a newly constructed store for defendant Lowe's Home Centers, Inc. While working on this project in November 2002, Doviak, who was 35 years old at the time, slipped on the roof and fell some 22 feet to the gravel floor below, sustaining catastrophic injuries, including multiple fractures to his skull, jaw, vertebrae, left femur and both wrists. He suffered from intercranial bleeding and underwent numerous surgeries, including a cranioplasty. He was in a coma for 57 days and, upon gaining consciousness, was transferred to a rehabilitation hospital where he remained for two months. As a result of the accident, Doviak sustained permanent injuries, including the total loss of his sight, partial loss of his senses of smell and taste, and a significant loss of hearing in his right ear. He sustained irreversible brain damage, resulting in impaired mental functioning, and has substantial facial disfigurement, as well as chronic osteomyelitis (a bone infection) in his leg.

Plaintiff, Doviak's wife and guardian ad litem, commenced this Labor Law action against Lowe's and defendant Orangeburg Holdings, Inc., the owner of the property where the store was being constructed, as well as two contractors employed on the project, defendants March Associates, Inc. and Tamburri Associates. Lowe's and Tamburri impleaded Six County and, after Tamburri brought a third-party action against Nicholas J. Bouras, Inc., the manufacturer of the roof decking material that was being installed on the project, plaintiff amended her complaint to name Bouras as a defendant, alleging—under a claim of products liability—that the materials used in the construction of the building's roof were defective.

By order entered in June 2006, Supreme Court (Bradley, J.) granted summary judgment in plaintiff's favor on the Labor Law § 240 (1) claim against Lowe's, Orangeburg and March Associates. A trial was subsequently conducted and the principal issues to be resolved were plaintiff's claims based on common-law negligence and Labor Law § 241 (6), the liability of Bouras under a theory of products liability and the amount of damages

to be awarded to plaintiff as the result of the injuries sustained by Doviak. The jury returned a verdict in favor of Bouras on the products liability claim, and found in favor of plaintiff on the remaining causes of action involving common-law negligence and the Labor Law § 241 (6) claim. The jury apportioned liability among the parties and awarded damages as follows: (1) past medical expenses: $426,178.68; (2) past economic loss: $264,237; (3) past pain and suffering: $200,000; (4) past loss of consortium for plaintiff: $10,000; (5) future medical expenses: $731,430 for 32 years; (6) future economic loss: $1,219,544 for 18 years; (7) future pain and suffering: $800,000 for 32 years; and (8) future loss of consortium for plaintiff: $90,000.[1]

In a postverdict motion, plaintiff challenged the sufficiency of the damages awarded by the jury and sought a new trial or a significant additur. Supreme Court (Egan, Jr., J.) found that the jury's award for past and future pain and suffering deviated materially from what would be reasonable compensation, vacated that portion of the verdict and ordered a new trial on damages unless defendants stipulated to increase the awards of past pain and suffering to $1,200,000 and future pain and suffering to $2,900,000. The court denied plaintiff's request as it applied to the other awards for damages rendered by the jury. Defendants agreed to the awards as increased and a judgment was entered in plaintiff's favor in December 2007. Plaintiff, after retaining new counsel, objected to certain provisions in the judgment and moved to resettle it pursuant to CPLR 2221. Six County moved, by order to show cause, for an order pursuant to CPLR 5021 (a) (3) allowing it to make payments into the court to satisfy the judgment so as to toll the statutory interest. By order entered June 4, 2008, Supreme Court granted both plaintiff's and Six County's motions in part, and signed an amended judgment entered July 28, 2008. Plaintiff now appeals from the December 2007 judgment, the order modifying that judgment and the amended judgment.[2]

Plaintiff initially argues that a new trial should be ordered

---

1. The apportionment of liability was as follows: Lowe's, Orangeburg and Bouras = 0%; Tamburri and March Associates = 15% each; Six County = 50%; Doviak = 20%. In addition, Six County was obligated to indemnify Lowe's, Orangeburg, Tamburri, and March Associates, and is now the only party subject to the payment of damages.

2. Plaintiff had initially appealed from Supreme Court's order entered March 1, 2007 that partially modified the verdict. By stipulation entered January 18, 2008, the parties agreed that plaintiff would withdraw her appeal from that order, inasmuch as all relevant issues could be raised in the appeal from the final judgment entered by the court. Plaintiff does not take issue on the appeal with the jury's assessment of liability.

because Supreme Court failed to instruct the jury that it was to award the full amount of future damages, without reduction to their present value (*see* CPLR 4111 [f]). Given that plaintiff never asked that this instruction be delivered to the jury, never objected to the court's failure to provide this instruction, nor raised this issue in an effort to obtain postverdict relief, this claim has not been preserved for our review (*see* CPLR 4110-b; *Stangl v Compass Transp.*, 221 AD2d 909, 910 [1995]; *see also Peguero v 601 Realty Corp.*, 58 AD3d 556, 561 [2009]; *Klotz v Warick*, 53 AD3d 976, 979 [2008], *lv denied* 11 NY3d 712 [2008]; *Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1258 [2008], *lv denied* 11 NY3d 705 [2008]). In any event, no evidence has been presented that supports plaintiff's suggestion that the jury employed such a calculation in any of its damage awards or that it engaged in any process that resulted in any amount awarded being reduced to its present value (*see Klotz v Warick*, 53 AD3d at 979; *compare Ciarelli v Lynch*, 22 AD3d 987, 989 [2005]).

We are also unpersuaded by plaintiff's claim that Supreme Court erred by refusing to give a missing witness charge to the jury as the result of Six County's failure to call an economist and a vocational rehabilitation specialist it retained in connection with this litigation. A party is entitled to such an instruction if the opposing party has failed to call at trial a witness under its control who would be " 'expected to provide noncumulative testimony' " in that party's favor on a material issue (*Zito v City of New York*, 49 AD3d 872, 874 [2008], quoting *Jackson v County of Sullivan*, 232 AD2d 954, 955 [1996]). While Six County formally disclosed that it had retained an economist and a vocational rehabilitation specialist and identified them as potential witnesses to be called at trial, Six County contends, and no evidence has been presented to the contrary, that neither witness ever prepared a report or a narrative regarding any issue that they may have testified to at trial (*see Holbrook v Pruiksma*, 43 AD3d 603, 605-606 [2007]). Moreover, during summation, plaintiff's counsel commented at length on the fact that the testimony given by her expert witnesses was essentially uncontradicted and that Six County failed to produce any expert witness to challenge that testimony or any opinion given by these experts as to the financial impact of the injuries Doviak sustained as a result of this accident. As such, "any error in failing to give the charge was harmless" and did not deprive plaintiff of a fair trial (*id.* at 606).

We do agree, however, with plaintiff's contention that certain awards rendered by the jury, and some of those awards that

were subsequently modified by Supreme Court, did not represent reasonable compensation for the injuries that Doviak sustained in this accident. It is well established that "[t]he assessment of damages in a personal injury action is primarily a factual determination to be made by the jury, and is accorded great deference unless it 'deviates materially from what would be reasonable compensation' " (*Lolik v Big V Supermarkets*, 266 AD2d 759, 760 [1999], quoting CPLR 5501 [c] [citations omitted]; *see Beadleston v American Tissue Corp.*, 41 AD3d 1074, 1078 [2007]; *Simeon v Urrey*, 278 AD2d 624, 624-625 [2000]). "To successfully challenge a determination as to the amount of damages to be awarded, the record evidence must preponderate in favor of the moving party to such a degree that the verdict could not have been reached on any fair interpretation of the evidence" (*Simeon v Urrey*, 278 AD2d at 624 [citation omitted]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). In that same vein, Supreme Court's decision on plaintiff's motion to set aside the verdict " 'is likewise to be accorded deference' " (*Adams v Georgian Motel Corp.*, 291 AD2d 760, 761 [2002], quoting *Douglass v St. Joseph's Hosp.*, 246 AD2d 695, 697 [1998]).

With that exacting standard in mind, we are of the view that the damages awarded, on the facts presented, do not represent reasonable compensation for the loss sustained by plaintiff in her personal capacity and as Doviak's guardian ad litem as a result of the injuries sustained by Doviak in this accident (*see* CPLR 5501 [c]; *Popolizio v County of Schenectady*, 62 AD3d 1181 [2009]; *Villaseca v City of New York*, 48 AD3d 218, 219 [2008]). In particular, we find the jury's award for plaintiff's loss of consortium to be inadequate and not supported by any fair interpretation of the evidence introduced at trial. In that regard, it is essentially uncontroverted that prior to the accident, plaintiff and Doviak shared parenting responsibilities for their two young children and each assumed different, albeit traditional, roles in the family home. That situation has been altered dramatically as a direct result of the catastrophic nature of the injuries that Doviak sustained in this accident. Now, plaintiff has effectively been thrust into the role as the sole parent for the parties' two young children and bears total responsibility for preparing them for their daily activities, including getting them ready for school, transporting them to their various extracurricular activities, and insuring that they complete their academic assignments. At the same time, plaintiff, in addition to being employed on a full-time basis, cleans the home, cares for her husband, feeds her family and performs all of the chores that are involved in the daily maintenance of the family resi-

dence. There also can be no doubt that, as plaintiff aptly described at trial, the accident has resulted in extraordinary emotional and physical demands being placed upon her and has dramatically affected and, in a very real way, altered her relationship with her husband (*see Villaseca v City of New York*, 48 AD3d at 219; *compare Norton v Nguyen*, 49 AD3d 927, 931 [2008]). These realities established that the minimum amount the jury should have awarded plaintiff for the loss of past consortium was $110,000 and, given the permanent nature of most of her husband's injuries, the award for the future loss of consortium should have been, at a minimum, $490,000.

A review of the record leads us to a similar conclusion as to the adequacy of the award made by the jury for future pain and suffering for Doviak. Even after it was increased by Supreme Court to $2,900,000, it still, in our view, materially deviated from what would constitute reasonable compensation for such catastrophic injuries and the profound impact they will continue to have on the quality of Doviak's life (*compare Villaseca v City of New York*, 48 AD3d at 218 [$3,000,000 for future pain and suffering, plus $2,000,000 for past pain and suffering, for a plaintiff who lost use of one eye, rendering him virtually blind]; *Fresco v 157 E. 72nd St. Condominium*, 2 AD3d 326 [2003] [$1,000,000 for future pain and suffering, plus $1,000,000 for past pain and suffering, for a plaintiff who suffered an injury to one eye]; *Carl v Daniels*, 268 AD2d 395 [2000], *lv dismissed* 95 NY2d 790 [2000], *lv denied* 96 NY2d 704 [2001] [$2,500,000 for future pain and suffering, plus $2,300,000 for past pain and suffering, for a plaintiff with a comminuted leg fracture who had three surgeries and faced the likelihood of future pain and surgeries]; *Jones v New York City Health & Hosps. Corp.*, 267 AD2d 281 [1999] [$1,080,000 for future pain and suffering, plus $2,000,000 for past pain and suffering, for a plaintiff who had loss of sight and hearing]; *Storms v Vargas*, 256 AD2d 458 [1998] [$1,000,000 for future pain and suffering, plus $3,000,000 for past pain and suffering, for a plaintiff who suffered serious facial injuries, including the loss of one eye and a recurring infection]). Doviak is totally blind and must have full-time care to adequately address his everyday needs. He requires an aide to assist him whenever he ventures outside the home and someone to drive him where he needs to go. Being unable to see has deprived Doviak of the ability to interact with his two children and participate with them in activities that, as their father, he enjoyed prior to the accident. He is no longer able to perform basic chores in or around the home, cannot partake in his favorite hobbies, such as driving and repairing automobiles and motorcycles, and is unlikely to ever be able to obtain gainful

employment. The impact these injuries have had on his ability to interact with others and enjoy a normal social life is self-evident, and his personality, as well as his general disposition by all accounts, has undergone a significant and adverse change. Because his sense of touch has been seriously compromised as a result of injuries sustained in this accident, Doviak's ability to learn Braille is severely limited. The loss he has experienced in his ability to hear, smell and taste is immeasurable, and has had a profound affect on his ability to enjoy the most basic pleasures of life. In addition, Doviak suffers constant pain in his neck, wrist and shoulder, and has recurring osteomyelitis in his leg. Based on our review of this record, we have reached the conclusion that $3,900,000 is the minimum amount that should be awarded to adequately compensate Doviak for the pain and suffering he will have to endure for the remainder of his life.

As for future health care costs, we do not agree with plaintiff that the jury was obligated to accept the testimony of plaintiff's economist who projected these expenses to be between $2,262,489 and $8,989,337. However, in reviewing the award for these expenses, we are of the view that, given the jury's finding that Doviak had a 32-year life expectancy, $731,430 does not constitute reasonable compensation for these costs. This figure simply fails to take into account the cost of home care that Doviak will constantly require, especially while plaintiff is gainfully employed and cannot be at the family residence. Under the circumstances, the minimum amount that should have been awarded for the 32 years that Doviak can be expected to incur these medical expenses is $1,731,430.

Plaintiff also claims that the jury's award of $1,219,544 for future lost wages was not supported by a rational view of the evidence. In this regard, plaintiff's economist projected a future economic income and fringe benefit loss to Doviak of between $5,814,000 to $7,845,000 for a period of 23.25 years. While the jury undoubtedly accepted some of the economist's projections as to Doviak's future economic loss, it obviously rejected his conclusions as to Doviak's work life expectancy and, instead, made a finding that Doviak would be able to work in his capacity as an iron worker for 18 years. This finding enjoyed ample support in the record, and the jury's award for lost wages is entirely consistent with the figures submitted at trial regarding Doviak's earning capacity immediately prior to the accident.

Plaintiff also takes issue with certain aspects of Supreme Court's amended judgment. First, plaintiff argues that the court erred by allowing Six County to pay into the court the amount owed under the amended judgment so as to toll the accrual of

interest while the matter is on appeal. CPLR 5021 (a) (3) allows a defendant to toll postjudgment interest by paying an amount to the court that would satisfy the judgment. While the decision to allow a defendant to pay into court under CPLR 5021 (a) (3) is discretionary, it can only be granted where a defendant has made "an unconditional tender of the judgment prior to making the motion" (Vick v Albert, 50 AD3d 438, 439 [2008]; see Robertson v Spectrum Applications, 273 AD2d 846, 846 [2000]; Meilak v Atlantic Cement Co., 30 AD2d 254, 256 [1968]). Here, Six County did not tender payment prior to making this motion, but simply inquired of plaintiff whether she would agree to a satisfaction of the judgment and, in that regard, provided her with proposals to that effect. This communication, made after Six County moved to satisfy the judgment, did not constitute "[a] valid tender," which "requires not only readiness and ability to perform, but actual production of the thing to be delivered" (Jamaica Sav. Bank v Sutton, 42 AD2d 856, 857 [1973]). Since no unconditional tender was made by Six County, its application should have been denied (see Vick v Albert, 50 AD3d at 439).

Finally, the amended judgment made reference to a stipulation whereby plaintiff agreed to hold defendants harmless for any liens. As there is no evidence in the record of such a stipulation, and Six County does not now assert that such a stipulation ever existed, that portion of the amended judgment must be vacated.

Plaintiff's remaining contentions not specifically addressed herein are found to be without merit.

Cardona, P.J., Mercure, Stein and McCarthy, JJ., concur. Ordered that the judgment, order and amended judgment are modified, on the law and the facts, without costs, by reversing so much thereof as (1) determined that plaintiff would hold defendants and third-party defendant, Six County Erectors, Inc., harmless for any liens, (2) granted Six County's motion to make payments into court to satisfy the judgment, and (3) awarded plaintiff $2,900,000 for future pain and suffering, $10,000 for past loss of consortium, $90,000 for future loss of consortium and $731,430 for future medical expenses; vacate the provision regarding the lien, deny Six County's motion, and a new trial ordered on the issues of future pain and suffering, past loss of consortium, future loss of consortium and future medical expenses unless, within 20 days after service of a copy of the order herein, Six County stipulates to increase the awards for future pain and suffering to $3,900,000, for past loss of consortium to $110,000, for future loss of consortium to

$490,000 and for future medical expenses to $1,731,430, in which event the judgment, order and amended judgment, as so modified, are affirmed.