■ DIANE GARRISON et al., Respondents, v STEPHEN LAPINE et al., Appellants. [900 NYS2d 770]—

Stein, J. Appeals (1) from a judgment of the Supreme Court

(Platkin, J.), entered March 5, 2009 in Ulster County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered July 1, 2009 in Ulster County, which denied defendants' motion to set aside the verdict.

Plaintiff Diane Garrison (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover damages resulting from injuries sustained by plaintiff in an automobile accident. Defendants conceded liability but a jury trial was held to determine, among other things, causation and damages. After finding that plaintiff had suffered a significant limitation of the use of a body function or system, as well as a permanent consequential limitation of the use of a body organ or member (*see* Insurance Law § 5102 [d]), the jury awarded plaintiff $500,000 for past pain and suffering and $2 million for future pain and suffering for a period of 31 years. In addition, the jury awarded plaintiff's husband $400,000 for loss of consortium.

Defendants moved to set aside the verdict, asserting that the damage award deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Defendants also sought to stay entry of plaintiffs' proposed judgment and, in the alternative, submitted their own proposed judgment, using a different discount rate to determine the present value of the future pain and suffering award (*see generally* CPLR 5041 [e]). Supreme Court refused to grant a stay or to adopt defendants' proposed discount rate and a judgment was entered accordingly. Thereafter, upon the court's denial of defendants' motion to set aside the verdict, these appeals ensued.

We affirm. An award of damages is a factual determination to be made by the jury and is accorded deference unless "it deviates materially from what would be reasonable compensation" (CPLR 5501 [c]; *see Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d 1348, 1353 [2009]). "To successfully challenge a determination as to the amount of damages to be awarded, the record evidence must preponderate in favor of the moving party to such a degree that the verdict could not have been reached on any fair interpretation of the evidence" (*Simeon v Urrey*, 278 AD2d 624, 624 [2000] [citations omitted]).

Here, plaintiffs' medical experts testified that plaintiff suffered from a traumatic brain injury. To the extent that their opinions differed from those of defendants' experts, the jury was entitled to credit plaintiffs' witnesses (*see Vogel v Cichy*, 53 AD3d 877, 879 [2008]; *Kithcart v Mason*, 51 AD3d 1162, 1164 [2008]). In addition, "the record is replete with expert and lay proof regarding the devastating effect that plaintiff's resulting

[cognitive and behavioral problems] had on her to the time of trial and will continue to have on her life" (*La Fountaine v Franzese*, 282 AD2d 935, 939 [2001]; *see Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d at 1353; *Popolizio v County of Schenectady*, 62 AD3d 1181, 1184 [2009]; *Norton v Nguyen*, 49 AD3d 927, 930-931 [2008]). The evidence presented to the jury included, among other things, testimony that for the first six months following the accident, plaintiff was unable to do anything but sit in a chair with heat packs and that she continues to suffer from headaches that often cause her to sleep all day. There was also testimony that she suffers from excessive fatigue and she is unmotivated and/or unable to participate in many of the activities which she enjoyed prior to the accident. For example, whereas plaintiff was previously very involved in volunteering in the community and assisting her children, as well as performing daily household tasks such as cooking and cleaning, since the accident she has been limited in the activities she is able to perform and in her ability to interact with her family. Various witnesses also observed plaintiff's tendency to engage in childlike behavior at times and her severe irritability at other times. Significantly, plaintiff's speech has progressively become increasingly jumbled, resulting in an inability to express herself which, in turn, causes her to be frustrated and/or to make inappropriate responses or comments. Witnesses further testified regarding plaintiff's erratic and unpredictable behavior, including an attempt to jump from a moving car and laying down in the middle of the street, expressing her hope that a car would hit her. Significantly, there was credible expert testimony that plaintiff's condition was chronic and that her prognosis was poor.

In view of the foregoing, we find that the jury's verdict here was amply supported by a fair interpretation of the evidence. Moreover, considering "the nature, extent and permanency of [plaintiff's] injuries, the extent of past, present and future pain and the long-term effects of the injury" (*Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d 1253, 1256 [2008], *lv denied* 11 NY3d 705 [2008]; *see Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d at 1353; *La Fountaine v Franzese*, 282 AD2d at 939) and recognizing that damage awards for pain and suffering are inherently subjective and not subject to precise quantification or formulas (*see Garrow v Rosettie Assoc., LLC*, 60 AD3d 1125, 1125 [2009]; *Neissel v Rensselaer Polytechnic Inst.*, 54 AD3d 446, 453 [2008], *lv denied* 11 NY3d 716 [2009]; *Nolan v Union Coll. Trust of Schenectady, N.Y.*, 51 AD3d at 1256), the damages awarded were well within the range of reasonable compensation (*compare Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d at 1353;

*Popolizio v County of Schenectady*, 62 AD3d at 1184-1185; *Auer v State of New York*, 289 AD2d 626, 629 [2001]).

Likewise, we are unpersuaded by defendants' contention that the jury's $400,000 award for loss of consortium was excessive. In this regard, the evidence demonstrated that the injuries suffered by plaintiff as a result of the accident placed upon her husband "extraordinary emotional and physical demands . . . [that] dramatically affected and, in a very real way, altered [his] relationship with [his wife]" (*Doviak v Lowe's Home Ctrs., Inc.*, 63 AD3d at 1354). Plaintiff requires long-term care and her condition has compelled her husband to assume the duties of her nurse, as well as plaintiff's previous role of household caretaker. Plaintiff's injuries have also resulted not only in a lack of intimacy, but in marital turmoil. In one instance, her irritable state and erratic behavior included a threat to kill her husband, forcing him to leave the marital residence for several weeks. In addition, he has been precluded from seeking new responsibilities that may lead to advancement in his employment, as he is frequently required to leave his job on short notice to attend to plaintiff's needs. Under these circumstances, we cannot say that the $400,000 award for loss of consortium materially deviates from what is reasonable compensation (*compare id.* at 1353-1354; *Kirschhoffer v Van Dyke*, 173 AD2d 7, 10-11 [1991]).

Finally, for the well-articulated reasons set forth in Supreme Court's decision, we are satisfied that the use of the 10-year treasury bond rate in place at the time of the verdict as the discount rate in determining the present value of plaintiff's future damage award was in all respects proper (*see generally* CPLR 5041 [e]; *Desiderio v Ochs*, 100 NY2d 159 [2003]; *Tassone v Mid-Valley Oil Co.*, 5 AD3d 931, 933 [2004], *lv denied* 3 NY3d 608 [2004]).

Mercure, J.P., Peters, Rose and McCarthy, JJ., concur. Ordered that the judgment and order are affirmed, with costs. **[Prior Case History: 22 Misc 3d 1128(A), 2009 NY Slip Op 50325(U).]**