O'Connor v Kingston Hosp. (2018 NY Slip Op 08207)





O'Connor v Kingston Hosp.


2018 NY Slip Op 08207


Decided on November 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 29, 2018

521463

[*1]ROBERTA MAY O'CONNOR, as Administrator of the Estate of ROBERT J. O'CONNOR, Deceased, et al., Respondents,
v
KINGSTON HOSPITAL, Appellant, et al., Defendants.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Sholes & Miller, LLP, Poughkeepsie (Robert Irving Miller of counsel), for appellant.
The Berkman Law Office, LLC, New York City (Robert J. Tolchin of counsel), for respondents.



MEMORANDUM AND ORDER
McCarthy, J.P.
Appeal from a judgment of the Supreme Court (Mott, J.), entered July 7, 2015 in Ulster County, upon a verdict rendered in favor of plaintiffs.
In December 2008, Robert J. O'Connor (hereinafter decedent) was admitted to defendant Kingston Hospital (hereinafter defendant) and, shortly thereafter, diagnosed with cancer. Over the following month, decedent was treated by defendant as an inpatient during two discrete periods, separated by approximately 10 days when he was discharged and remained at home. After his death from cancer, which is not at issue on this appeal, decedent's wife (hereinafter plaintiff)[FN1] commenced this action against defendant, among others, alleging, as relevant here, malpractice based on defendant's failure to prevent decedent from developing pressure ulcers (commonly known as bedsores) and to properly treat them. In response to motions not relevant here, defendant cross-moved for, among other things, summary judgment dismissing the complaint. Supreme Court (Cahill, J.), among other things, denied defendant's cross motion.
At the conclusion of a trial that proceeded against defendant alone, the jury found that defendant departed from accepted standards of nursing practice and that the departure proximately caused decedent's injuries. The jury determined that decedent's damages for conscious pain and suffering amounted to $500,000. Thereafter, defendant moved to set aside the verdict and enter judgment in its favor as a matter of law or, alternatively, for a new trial. Supreme Court (Mott, J.) denied that motion and, accounting for a setoff, entered a judgment against defendant for $332,460.60. Defendant appeals.
Supreme Court (Cahill, J.) properly denied defendant's cross motion for summary judgment. Defendant satisfied its initial burden through submission of, among other things, the affidavit of a physician who opined that defendant's staff did not deviate from the standard of care and did not contribute to any injury decedent may have suffered. The burden then shifted to plaintiff to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; DiBartolomeo v St. Peter's Hosp. of the City of Albany, 73 AD3d 1326, 1326 [2010]).
Plaintiff submitted the affidavit of Lorrinda Tanious, a registered nurse for over 35 years with experience treating patients for bedsores. Based on her review of the records, Tanious opined, to a reasonable degree of nursing certainty, that defendant's treatment of decedent deviated from good and prudent nursing care. She asserted and explained how the skin cream used to treat decedent's wounds was improper, the admitting physician did not perform a proper examination and the medical records did not accurately reflect decedent's condition. She also asserted that defendant did not order an air mattress or other mattress that would prevent further wounds and defendant should have instituted an order to turn decedent every two hours. She further averred that these deviations from the standard of care caused decedent's condition to worsen and, had he received proper care, the pressure ulcers would not have formed or progressed as they did.
Tanious was qualified to opine regarding defendant's deviations from the accepted standard of good nursing care (see Zak v Brookhaven Mem. Hosp. Med. Ctr., 54 AD3d 852, 853 [2008]; Muskopf v Maron, 309 AD2d 1232, 1233 [2003]). She was also qualified to render an opinion on whether those deviations failed to prevent or to properly treat decedent's pressure ulcers, based on testimony that the causes and treatment of bedsores are within the scope of knowledge, practice and experience of a registered nurse (compare Zak v Brookhaven Mem. Hosp. Med. Ctr., 54 AD3d at 853 [nurse was qualified to opine regarding the impropriety of giving a medication without a doctor's order but was not qualified to opine as to whether giving that medication caused an injury separate from the patient's underlying condition]; Mills v Moriarty, 302 AD2d 436, 436 [2003], lv denied 100 NY2d 502 [2003]). The competing expert opinions created questions of credibility that could only be resolved at a trial (see Moyer v Roy, 152 AD3d 1188, 1189-1190 [2017]; Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904 [2017]). Although defendant is correct that some of Tanious' factual assertions were not consistent with the record, her affidavit contained enough facts and opinions that were supported by the record to raise a triable issue of fact regarding whether defendant departed from the accepted standard of nursing care and, if so, whether such departures caused decedent any injury. Thus, Supreme Court properly denied defendant's cross motion for summary judgment.
At trial, Supreme Court (Mott, J.) had discretion to admit Tanious' testimony, and it did not abuse that discretion in determining that she possessed the requisite training, education, knowledge and experience to qualify as an expert in the field of nursing care (see Matter of April WW. [Kimberly WW.], 133 AD3d 1113, 1115 [2015]). Defendant's arguments about her lack of expertise go to the weight of her testimony and expert opinions, not their admissibility (see Hranek v United Methodist Homes of Wyo. Conference, 27 AD3d 879, 880 [2006]; cf. Matter of Sarro v State of N.Y. Dept. of Health Admin. Review Bd. for Professional Med. Conduct, 113 AD3d 968, 969-970 [2014]). Tanious testified that defendant deviated from the accepted standard of nursing care by failing to properly and consistently calculate decedent's Braden score (which predicts a patient's risk of developing pressure ulcers), to provide him with an air mattress and to reposition him often enough. She further testified that these deviations caused decedent's pressure ulcers to become worse. Her opinions did not exceed the boundaries of her expertise [*2]nor intrude into matters that required testimony from a physician (cf. Matter of Sarro v State of N.Y. Dept. of Health Admin. Review Bd. for Professional Med. Conduct, 113 AD3d at 969; compare Zak v Brookhaven Mem. Hosp. Med. Ctr., 54 AD3d at 853). Tanious' testimony was not speculative. Although some of her testimony was not in accordance with the medical records, she opined that defendant's staff did not keep accurate medical records and explained the bases for that belief. Accepting the jury's credibility finding in favor of Tanious over defendant's expert physician, and considering the medical records and plaintiff's factual testimony, we disagree with defendant's arguments that it was entitled to a directed verdict or to have the verdict set aside or that the verdict was against the weight of the evidence (see Hattem v Smith, 111 AD3d 1107, 1109-1110 [2013]; Garrison v Lapine, 72 AD3d 1441, 1443 [2010]; see also CPLR 4404 [a]).
Finally, the jury's damage award was not excessive and was supported by the evidence. "An award of damages is a factual determination to be made by the jury and is accorded deference unless 'it deviates materially from what would be reasonable compensation'" (Garrison v Lapine, 72 AD3d at 1442, quoting CPLR 5501 [c]; see Marin v New York City Health & Hosps. Corp., 145 AD3d 484, 486 [2016], lv denied 29 NY3d 913 [2017]). A challenge to damages will only be successful where the record evidence "preponderate[s] in favor of the moving party to such a degree that the verdict could not have been reached on any fair interpretation of the evidence" (Garrison v Lapine, 72 AD3d at 1442 [internal quotation marks and citation omitted]).
At trial, plaintiff testified that decedent uncharacteristically complained to her about pain from his bedsores. She stated that the pain was so bad that decedent could not walk. The records from the hospital to which decedent was transferred after leaving defendant indicate that decedent complained of pain when touched on the buttocks and that his lower back pain was a 10 on a scale of 1 to 10. Tanious testified that the type of wound that decedent experienced would naturally be painful. Photographs admitted into evidence demonstrate the heinous nature of the open wounds afflicting decedent during the final weeks of his life, as he lay dying of cancer. Medical records also established that decedent required surgical procedures to remove dead tissue from his pressure ulcers. To support its position, defendant points to evidence showing that decedent was not in pain at times during his admission, received pain medication and was experiencing pain related to his cancer and other ailments, rather than the pressure ulcers. "[R]ecognizing that damage awards for pain and suffering are inherently subjective and not subject to precise quantification or formulas," and according appropriate deference to the jury's determination, the jury's award was within the range of reasonable compensation (id. at 1443).
Egan Jr., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.



Footnotes

Footnote 1: During the pendency of this appeal, decedent's wife passed away and this Court entered an order substituting the current plaintiffs. Plaintiff Roberta May O'Connor was substituted in place of decedent's wife in her capacity as executor of decedent's estate, and plaintiff Linda Westover was substituted in place of decedent's wife in her individual capacity. Because at the time of trial there was a single plaintiff — decedent's wife — we will refer to her as plaintiff.